EDWARD A. KEEVAN *vs.* MELVIN H. WALKER & another.

Worcester.   October 4, 1898. — October 19, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Master and Servant — Defective Machine —
Negligence — Due Care.*

A. reported the defective condition of a machine upon which he was working to his employer, who sent B. to fix it. B. made a slight repair upon it, but did not remedy the real defect, although promising on that and a later occasion to do so. A. then called it to the attention of the foreman of the room, who examined it, and promised to have it fixed at once. Work was stopped in that part of the shop for several days afterwards, and upon A.'s return to work he used the machine and was injured by reason of the defect. *Held*, in an action both at common law and under the employers' liability act, St. 1887, c. 270, against his employer for his injury, that he was entitled to go to the jury, who would be warranted in finding that the defendant was negligent, and that the plaintiff was in the exercise of due care in resuming work upon the machine without making a particular examination of it.

TORT, for personal injuries sustained by the plaintiff on June 14, 1897, while in the employ of the defendants as a moulder of sole leather at their factory in Westborough. The declaration contained three counts, the first at common law, and the second and third under the employers' liability act, St. 1887, c. 270. Trial in the Superior Court, before *Bond*, J., who ruled that there was no evidence upon which to submit the case to the jury, and directed them to return a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. B. Ratigan & M. J. Lyden*, for the plaintiff.

*F. B. Smith*, (*W. S. B. Hopkins* with him,) for the defendants.

KNOWLTON, J.   There was evidence that a machine belonging to the defendants, on which the plaintiff was working, was out of repair, so that the lower part of the die, which should have remained at rest until it was moved up by the application of the foot to a treadle, moved upward immediately after it had come down to its place, and struck the plaintiff's finger against the upper part of the die and cut it off.  The plaintiff testified that on the front, near the treadle, there was a brake made of iron, faced with leather on the inside next to the power.  As the treadle was pressed down, the brake pulled away from the pulley and the machine started.   Ordinarily the machine would not operate unless the treadle was pressed down.  He said that on June 4 he noticed that the brake would not stop the power, but that it let the shaft revolve when he took his foot off the treadle.  Upon examining the leather upon the brake he found it was worn.  He also said that at the same time the cogs were worn and slipped.  According to his testimony he then told one of the defendants, who said he would have one Billings come down and fix it.  Billings came down and put in a screw where one was needed, and the plaintiff said to Billings, "You might just as well fix up that brake, and everything then will probably be in running order."   Billings said he had not time that night, but promised to do it some other time.   On the following Monday, the plaintiff again called Billings's attention to fixing the brake, and told him "that the mould used to come up part ways on to the die, and that it was liable to catch him."   Billings promised to fix it, and went away.  On Wednesday, June 9, the mould went up and down twice, and the plaintiff found that a screw was loose and that the brake did not work, and he tightened the screw himself.  At the same time he called the attention of the foreman of the room to it.

The foreman promised to look after it and have it fixed.   The work in the part of the shop in which the plaintiff was working was stopped from that day until the following Monday.  He and the foreman looked at the brake again, and the foreman said, "Yes, that does need fixing; I will have it fixed right off."   The plaintiff went away and did not work on the machine again until the afternoon of the following Monday, when he was injured.

If the testimony of the plaintiff was believed, the jury would

have been well warranted in finding negligence on the part of the defendant. They might also have found that the plaintiff, when he returned to his work on Monday, had good reason to suppose that the brake had been repaired and was in perfect condition, and have found accordingly that he was in the exercise of due care in working upon the machine without making a particular examination of it.

The case should have been submitted to the jury.

*Exceptions sustained.*